# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Charles Edward Jacobs,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0807** (Kanawha County 19-P-328)

**Shawn Straughn, Superintendent,**
**Northern Regional Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Edward Jacobs, self-represented litigant, appeals the August 21, 2019, order of the Circuit Court of Kanawha County dismissing without prejudice his petition for a writ of habeas corpus, in which petitioner requested a discharge from custody due to alleged cruel and unusual punishment. Respondent Shawn Straughn, Superintendent, Northern Regional Correctional Center, by counsel Briana J. Marino, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November 2017, petitioner tested positive for Hepatitis C. On February 26, 2018, petitioner was convicted of two counts of second-degree robbery and two counts of conspiracy in the Circuit Court of Kanawha County. Petitioner is serving an aggregate sentence of ten to thirty-six years of incarceration in the custody of the West Virginia Division of Corrections and Rehabilitation ("the DCR").

On June 20, 2019, petitioner filed a grievance alleging that the health care providers at his correctional facility were only monitoring his condition rather than treating it. On June 27, 2019, petitioner received a response from Registered Nurse Stacey Knight:

1

This is in response to your grievance dated 6/26/2019 [sic]. After reviewing your grievance, I found that you do not meet guidelines set forth to begin treatment. A referral is made to the infectious disease physician, Dr. Paul[,] based on lab results. Guidelines are as follows: APRI >0.7, Platelet count <170,000, Albumin <3.5[,] and INR >1. Your lab results are as follows: APRI 0.6, Platelet count 240,000, Albumin 4.5[, and] INR 1. The lower the APRI score, the greater the negative predictive value and ability to rule out cirrhosis. *In the presence of stable liver disease, the recommendations are to repeat your lab work in 6 months, which you are scheduled for. At that time, results will be reviewed[,] and a referral made if lab values meet criteria.* Guidelines and treatment are based on [Centers for Disease Control and Prevention ("CDC")] recommendations.

(Emphasis added).

On July 1, 2019, petitioner appealed the denial of his grievance to respondent. On July 2, 2019, respondent affirmed the grievance denial, stating that the medical judgment in petitioner's case would not be disturbed "by non-clinicians." On July 12, 2019, petitioner appealed respondent's decision to the DCR Commissioner who also affirmed the denial of the grievance.

On August 19, 2019, petitioner filed a petition for a writ of habeas corpus in the circuit court, requesting a discharge from custody due to alleged cruel and unusual punishment. In the alternative, petitioner requested a reduction in his sentence of incarceration due to "the physical, psychological, emotional[,] [c]onstitutional harm" resulting from an alleged refusal to treat his Hepatitis C. Among other exhibits, petitioner attached to his petition Nurse Knight's June 27, 2019, response to his grievance.

Given petitioner's requests for a discharge from custody or a reduction in his sentence of incarceration, the circuit court reviewed the petition pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia. Rule 4(c) provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." Accordingly, by order entered on August 21, 2019, the circuit court dismissed the petition without prejudice and directed the clerk to serve a copy of its order on petitioner.

Petitioner now appeals the circuit court's August 21, 2019, order dismissing the habeas petition. This Court reviews circuit court orders dismissing habeas relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions

of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). A prisoner within the DCR's custody may file a habeas petition to "challenge[ ] . . . the constitutionality of prison . . . conditions[.]" *State ex rel. Anstey v. Davis*, 203 W. Va. 538, 544, 509 S.E.2d 579, 585 (1998).

On appeal, petitioner argues that his Hepatitis C is not being treated with antiviral drugs because of the cost of those drugs. Respondent counters that the circuit court properly dismissed petitioner's petition without prejudice. We agree with respondent.

In determining whether medical treatment afforded to a prisoner meets constitutional standards, we have held:

> Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain which is proscribed by the prohibition on cruel and unusual punishment in the Federal and State Constitutions.

> To establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness.

Syl. Pts. 4 and 5, *Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (1998).

Here, the record contains one clinical opinion, Nurse Knight's June 27, 2019, response to petitioner's grievance. Based on our review of that clinical opinion, we find that treatment is not indicated in petitioner's case at this time based upon established CDC protocols. As respondent notes, petitioner may re-raise his claim in the future in the event that his medical condition changes. Therefore, we conclude that the circuit court's dismissal of the habeas petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's August 21, 2019, order dismissing without prejudice petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison